IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SP AVIATION, INC., | Case No. C05-04041 SC |
| Plaintiff, | STIPULATION FOR ENTRY OF PROTECTIVE ORDER AND ORDER THEREON |
| vs. | |
| PIEDMONT HAWTHORNE AVIATION LLC, | |
| Defendant. | |

WHEREAS the parties hereto wish to expedite the exchange of documents relevant to this lawsuit; and

WHEREAS some of the documents which the parties are required to exchange contain confidential, proprietary or trade secret information of that party; and

WHEREAS the parties have agreed to the entry of a Protective Order to safeguard this information:

IT IS HEREBY STIPULATED by and between counsel for Plaintiff SP Aviation, Inc. and Defendant Piedmont Hawthorne Aviation, LLC, and the parties respectfully request that the Court enter an order in the form of Exhibit A, attached hereto.

///

| | | |
|---|---|---|
| 1 | Dated: April __, 2006 | LEONIDOU & ROSIN |
| 2 | | Professional Corporation |
| 3 | | |
| 4 | | By _____ |
| 5 | | James R. Busselle |
| | | Attorney for Plaintiff |
| 6 | | SP AVIATION, INC. |

Dated: April __, 2006          DOMBROFF & GILMORE

By _____
Dane B. Jaques
Attorney for Defendant
PIEDMONT HAWTHORNE AVIATION

IT IS SO ORDERED:

Dated: April 11, 2006

IT IS SO ORDERED
[signature]
Judge Samuel Conti

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

2
STIPULATION FOR ENTRY OF PROTECTIVE ORDER AND ORDER
C:\DOCUME~1\dj\LOCALS~1\Temp\STIPFO~1.DOC

# PROTECTIVE ORDER

1.   **Application.**  This Protective Order ("Order") shall apply to all litigation material designated as "Confidential" or "Highly Confidential" by the party producing or presenting it during the course of this action, unless and until the Court determines that such litigation material shall not be so treated in accordance with the provisions of this Order.  "Confidential" or "Highly Confidential" litigation material may be contained in information disclosed informally or formally during discovery, hearing or trial and may also be contained in any pleading, declaration, affidavit, brief, motion, transcript or other writing.  Litigation material designated as "Confidential" or "Highly Confidential" shall be used solely for the purpose of preparing for and conducting this litigation, and shall not be disclosed in any manner, or used for any other purpose, without further order of the Court.  However:

   a.   Nothing herein shall prevent a party from disclosing or using any information or documents which the party designated itself and which are confidential only to that party itself;

   b.   Acceptance of information designated pursuant to this Order shall not constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or a trade secret; and

   c.   Nothing herein shall bar counsel from rendering advice to its client with respect to this action, provided that counsel does not disclose such information in a manner not specifically authorized below.

2.   **Definitions:**  The following definitions apply for the purposes of this Order:

   a.   "Producing Party" is the party on whose behalf litigation material is designated "Confidential" or "Highly Confidential."

   b.   "Counsel" is the counsel of record of any party who has appeared in the action.

   c.   "Confidential" litigation material is any litigation material, or portions thereof, which constitutes a party's trade secret information, or confidential research development, marketing, business, investment, financial or other similar non-public information.

  d. "Highly Confidential" litigation material is any litigation material, or portions thereof, which constitutes a party's trade secret information, within the meaning of California Civil Code Section 3426.1 and would be of economic benefit to a party's competitor, or protectible "private" information under California's right to privacy.

  e. The designation "Confidential" or "Highly Confidential" shall not apply to any information or any document that is publicly available or that the non-Producing Party has acquired through lawful means.

3. **Access regarding "Confidential" Material:** Litigation material designated "Confidential," any copies thereof, and the information contained therein shall not be given, shown, made available or communicated in any way to anyone except:

  a. The Court (including Clerks and other Court personnel);

  b. Parties who have made a general appearance in this action and their Counsel, including the legal associates and clerical or other support staff who are employed by such Counsel and are working under the express direction of such counsel;

  c. Consultants and experts retained in connection with the action who comply with the provisions of Paragraph 6 below;

  d. Court reporters who record deposition or other testimony in the litigation;

  e. Any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof; and

  f. Any other person to whom the parties agree in writing.

4. **Access regarding "Highly Confidential" Material:** Litigation material designated "Highly Confidential," any copies thereof, and the information contained therein shall not be given, shown, made available or communicated in any way to anyone except:

  a. The Court (including Clerks and other Court personnel);

  b. Outside Counsel to the parties, including the legal associates and clerical or other support staff who are employed by such Counsel and are working under the express direction of such counsel;

  c. Consultants and experts retained in connection with the action who

1 | comply with the provisions of Paragraph 6 below;

    d.    Court reporters who record deposition or other testimony in the litigation; and

    e.    Any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof; and

    f.    Any other person to whom the parties agree in writing.

5.    **Non-Expert Recipients:** Counsel shall apprize any person who is not an expert, but who is otherwise permitted to view "Confidential" or "Highly Confidential" litigation material, that he or she is bound by the terms this Order. Such person shall also execute the form attached hereto as Exhibit A. Counsel shall retain such written form until the conclusion of the action and shall provide such form(s) to opposing Counsel upon request.

6.    **Expert Recipients:** Before any consultant or expert, retained by or on behalf of a party for the purposes of this Action, is given access to litigation material designated "Confidential" or "Highly Confidential," the identity of that consultant or expert shall be disclosed to the Producing Party, along with a curriculum vitae or similar documents indicating the consultant or expert's work experience that is relevant to the subject matter of the action. Counsel who has retained the consultant or expert shall also respond to the Producing Party's reasonable requests for additional information about the consultant or expert. The Producing Party shall have ten calendar days from the date of notice within which to object to the consultant or expert. The grounds for such an objection shall either be a conflict of interest on the part of the consultant or expert or a substantial risk that the consultant or expert will advertently or inadvertently use or disclose the "Confidential" or "Highly Confidential" information. Any dispute over the merits of the objection will be resolved by the Court. The objecting party will bear the burden of justifying the objection. Until such time as the objection is withdrawn or overruled, no "Confidential" or "Highly Confidential" material shall be disclosed to the consultant or expert. If no objection is made, or the objection is withdrawn or overruled, counsel retaining the consultant or expert shall provide him or her with a copy of this Order. The consultant or expert shall also execute the form attached hereto as Exhibit A.

Counsel shall retain such written statement until the conclusion of the litigation and shall provide it to opposing counsel upon request.

7.   **Requirement of Good Faith:** The Producing Party may not designate information or any document as either "Confidential" or "Highly Confidential" unless that Party has a reasonably basis for believing that, in fact, that information is "Confidential" or "Highly Confidential" as defined in this Order.

8.   **Documentary Discovery:** A Producing Party or its Counsel may designate as "Confidential" or "Highly Confidential" any documents or other tangible litigation material, including interrogatory answers, by marking every such page "Confidential" or "Highly Confidential" as appropriate.

9.   **Depositions:** A Producing Party or its Counsel may designate depositions or other testimony as "Confidential" or "Highly Confidential" by any one of the following means:

a.   Stating orally on the record, with reasonable precision as to the affected testimony, on the day the testimony is given that this information is "Confidential" or "Highly Confidential"; or

b.   Sending to counsel for all other parties written notice designating, by page and line, the portions of the transcript of the deposition or other testimony to be treated as "Confidential" or "Highly Confidential" within five business days after receipt of the transcripts, during which period said deposition or testimony shall be treated as "Highly Confidential." The Producing Party may exclude from a deposition any person who is not qualified for access to the "Confidential" or "Highly Confidential" information. Any transcript or portion thereof designated "Confidential" or "Highly Confidential" shall be bound separately and marked "Confidential" or "Highly Confidential," respectively, and may only be disclosed in the manner set forth, and to the persons designated, in this Order.

10.  **Third-Party Discovery:** If any non-party, having received a subpoena or compulsory process, wishes to utilize the protections set forth in this Order, such third-party may do so by acknowledging in writing that it is bound by the terms of this Order and by submitting to the jurisdiction of this Court for the purpose of enforcing this Order.

11. **Inadvertent Production:** The inadvertent production of any document or other disclosure of litigation material which the Producing Party contends is subject to this Order shall not necessarily be deemed a waiver in whole or in part of the claim of protection, either as to the specific document or the information disclosed. Promptly after the discovery of the inadvertent production, the Producing Party shall give notice to the receiving party that documents or information have been inadvertently produced or disclosed and request that such documents or information be designated "Confidential" or "Highly Confidential." The receiving party shall treat the inadvertently disclosed documents as "Confidential" or "Highly Confidential" as requested until such time as any dispute over a whether occurred has been resolved. Any such dispute shall be resolved under Paragraph 14, below and the Producing Party's inadvertent disclosure shall be a factor in determining whether any given designation is justified.

12. **Maintenance of Material:** The recipient of any "Confidential" or "Highly Confidential" litigation material that is provided pursuant to this Order shall maintain it in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use.

13. **Court Procedures:** If litigation material designated "Confidential" or "Highly Confidential," or quotations from or references to such material, are to be included in papers filed with or otherwise disclosed to the Court, or in argument to the Court, such papers or the transcripts of such argument shall be labeled "Confidential -- Subject to the Confidentiality Protective Order," or "Highly Confidential -- Subject to the Confidentiality Protective Order," and shall be filed in a sealed envelope (or other appropriate sealed container) which shall be appropriately captioned under the rules of this Court and endorsed with a statement substantially in the following form:

CONTENTS UNDER SEAL

AND SUBJECT TO PROTECTIVE ORDER

This envelope contains Confidential or Highly Confidential

litigation material subject to the Court's Protective Order and is not

to be opened, or the contents thereof displayed or revealed, except

by further order of the Court.

*SP Aviation v. Piedmont Hawthorne*, Case No. C05-04041 SC

Any party may ask the Court to keep such papers under seal. If the Court grants the request, such papers shall not be disclosed to any person without the written consent of the party or person who designated as "Confidential" or "Highly Confidential" the litigation material quoted or referred to.

14. **Objection to Designation:** A party may object to any designation under this Order at any time. If any party objects to the designation of any litigation material as "Confidential" or "Highly Confidential," that party shall first state the objection by letter to the Producing Party. The parties agree to confer in good faith by telephone or in person to resolve any dispute respecting the terms or operation of this Order. If the parties are unable to resolve such dispute, any party may then move the Court for an order resolving the dispute. The Producing Party shall bear the burden of justifying the designation. Until the Court rules on such dispute, the litigation material in question shall continue to be treated as "Confidential" or "Highly Confidential," as designated.

15. **Modification of Order:** The parties may modify the provisions of this Order at any time by written stipulation, so ordered by the Court. Moreover, by this Order, the parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or to seek any further protective order, or to seek relief from the Court from any provision of this Stipulation.

16. **Return of Materials:** Within thirty (30) days of the conclusion of this litigation, including any appeal(s) from a final judgment rendered by the Court, all litigation material designated "Confidential" or "Highly Confidential," and all copies or notes thereof, shall be returned to counsel for the party who initially produced the litigation material, except that counsel may retain their work product and copies of court filings, trial or hearing transcripts and exhibits, provided such retained documents will continue to be treated as provided in this Order. In the alternative, counsel may shred or otherwise destroy all litigation material designated "Confidential" or "Highly Confidential," except for the above-noted work product, court filings,

1 | etc., and certify to the Producing Party in writing that such litigation material.

2 |     17.    **Cumulative Remedies:** In the event anyone shall violate or threaten to violate any terms of this Order, the parties agree that the Producing Party may immediately apply to obtain injunctive relief against such other person or entity. Any and all other remedies available to the Producing Party, including an order to show cause re contempt, are cumulative, and the application for one does not preclude the later application for any other.

    18.    **Survival:** This Order is intended to regulate the handling of "Confidential" and "Highly Confidential" information and documents during the pre-trial period of this action. After the conclusion of the action, the obligations and duties arising under this Order shall remain in effect and shall survive and continue to be binding until further order of the Court. This Court shall retain jurisdiction over the parties and any other person who accepts being bound by the Order for the purpose of enforcing its terms.